No. 23062.

INDUSTRIAL COMMISSION OF THE STATE OF COLORADO (EX-OFFICIO UNEMPLOYMENT COMPENSATION COMMISSION OF COLORADO) *v.* CARLEE J. BENNETT.
(441 P.2d 648)

Decided June 10, 1968.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, ROBERT L. HARRIS, Assistant, for plaintiff in error.

LEON R. HETHERINGTON, JAMES J. JOHNSTON, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE HODGES.

THE parties will be referred to herein as the Commission and the claimant.

Unemployment compensation was paid to the claimant during periods she was in attendance at Denver University as a full-time day student. On the claim form and on the periodic interview questionnaires, she had answered "no" to the question "Are you attending school or a training course?"

When the claimant's student status was discovered by the Department of Employment, compensation for the periods involved was disallowed because the hours of schooling conflicted with the claimant's availability for employment. She was also requested to reimburse the

department in the sum of the overpayment, which amounted to $960.

Claimant appealed this administrative decision to the Commission claiming that her availability for employment was not affected because she would have quit school immediately upon being offered a job. A hearing was held. Claimant, who was represented by counsel, testified and presented evidence in support of her position. As a result of this hearing, a finding was made that the claimant knowingly withheld material facts affecting her eligibility to receive unemployment compensation from June 23, 1965 until January 13, 1966; that her availability for employment, one of the conditions of eligibility, was restricted by her university attendance; and that, therefore, she was overpaid $960. The Commission adopted these findings and reaffirmed them when it considered the claimant's petition for review.

The claimant thereupon filed a complaint in the trial court for review and reversal of the Commission's findings and order. The trial court reversed the Commission and ordered that the disallowance of compensation during the pertinent period and the consequent order for reimbursement be vacated. The trial court found in substance that the evidence before the Commission was insufficient to support its findings and order. From the trial court's findings and judgment, the Commission prosecutes this writ of error.

The sole issues presented here are the propriety of the Commission's findings and order and whether these findings and order are supported by sufficient evidence.

In explanation of why she answered "no" to the questions relating to school attendance on the various forms submitted in connection with her claim for unemployment compensation, she testified that attending school, in her view, was not a material circumstance, since she would have quit school promptly in the event a job was offered to her. It was conceded by her, how-

ever, that during a previous unemployment period when she was attending night classes, she had answered "yes" to the same question on the required forms; that she knew school attendance might affect eligibility; and that a "yes" answer generated further inquiries by the Department of Employment. Claimant also testified that during the pertinent periods, she made numerous job inquiries in an effort to secure employment.

■ The trial court found that the testimony of the claimant, that she would quit school if she secured employment, was uncontradicted and is therefore sufficient to rebut the findings of the Commission. The trial court in its findings also, in effect, reasoned that since there was no statute or regulation concerning attendance at school as being a proper subject of inquiry by the Department of Employment in determining eligibility, school attendance was therefore not a material fact. The trial court then deduced that the Commission wrongfully found that the claimant knowingly withheld or falsely stated a *material fact* affecting her eligibility to receive unemployment compensation. The trial court ultimately concluded that the evidence was insufficient to support the Commission's findings and order. We do not agree with the trial court's reasoning or its ultimate finding. Our examination of this record reveals ample and credible evidence and documents to support the Commission's findings and we further hold that its findings and order are proper as a matter of law.

■ The claimant's statements and her sworn testimony that her availability for work was not affected by her school attendance because she would have promptly quit school if offered employment, are clearly self-serving declarations of what may have been her intention during the periods involved. The fact that these statements and the testimony were not specifically contradicted does not preclude the fact finder from not accepting them at full face value. The record includes other evidence and documents from which strong in-

ferences could be drawn that the claimant's school attendance would affect and restrict her availability for employment. If conflicting inferences exist, it is for the Commission to draw the controlling inference. Further, the credibility of the witnesses and the weight of the evidence lie exclusively within the province of the Commission.

*Neff v. Industrial Comm.*, 24 Wisc. 2d 207, 128 N.W. 2d 465 involves a fact situation which in certain respects is similar to the case at bar. In that case, the Commission's findings on the question of availability for work of a full-time student is involved, together with his testimony of willingness to quit school on an offer of employment. In upholding the Commission's ruling denying compensation, the court stated with regard to the claimant's testimony:

"His testimony as to his willingness to quit school is a self-serving declaration of future intention. Under the circumstances the testimony was clearly admissible but because it was self-serving and a declaration of future intention the commission was not bound to accept his testimony as a verity but was obligated to test his credibility and weigh his evidence together with other evidence to determine the fact. His testimony was an assertion of his mental state as to future acts. No testimony was available to refute or confirm it. From the testimony quoted the commission could determine that his demeanor and his response to pertinent and compelling questions was evasive and equivocal."

The above language has particularly strong application to the testimony of claimant here, whose claims of an intention to quit school to work, are retrospective rather than prospective.

It is axiomatic that findings of the Commission as to the facts, if supported by substantial evidence shall be conclusive. A reviewing court may not interfere with an administrative judgment merely because there is a ground for difference of opinion. Nor may a reviewing

court substitute its judgment for that of the administrative body when the findings of fact are properly supported by the evidence. *Morrison Road Bar, Inc. v. Industrial Commission,* 138 Colo. 16, 328 P.2d 1076; *Burak v. American Smelting and Refining Company,* 134 Colo. 255, 302 P.2d 182; *Bryant v. Hayden Coal Co.,* 111 Colo. 93, 137 P.2d 417.

 "Availability for work" and "actively seeking work" are two of the eligibility conditions required to entitle a person to unemployment compensation. See C.R.S. 1963, 82-4-7. Both or either of these conditions could be found to be lacking or restricted by full-time attendance at school, and such a finding would be a lawful basis for disallowing compensation. Inquiry therefore regarding any circumstance, including school attendance, which has a bearing upon eligibility conditions is not only proper but is required in the efficient administration of the Colorado Employment Security Act. The answers and representations made by the claimant as to school attendance are representations of material facts. It therefore follows that a false statement in answer to such inquiry is clearly encompassed within C.R.S. 1963, 82-11-1(1)(b) as follows:

"Any person who makes a false representation, knowing it to be false, or who fails to disclose a material fact, with intent to obtain or increase any benefit for himself or any other person shall be ineligible to receive benefits for a period of fifty-two consecutive weeks beginning with the first week for which a fraudulent payment has been made. The claimant shall repay to the department any overpayments which have resulted due to his act of false representation or his failure to disclose material information and until such amounts are repaid the claimant shall be entitled to no benefits under this chapter. The penalty imposed by this paragraph (b) shall be in addition to and not in lieu of any other penalty, civil or criminal, provided in this chapter."

The judgment of the trial court is reversed and the

cause is remanded for entry of a judgment affirming the findings and order of the Commission.

MR. CHIEF JUSTICE MOORE and MR. JUSTICE KELLEY concur.