No. C-379

Industrial Commission of the State of Colorado (Ex-officio Unemployment Compensation Commission of Colorado) v. Stephen J. Redmond

(514 P.2d 623)

Decided October 1, 1973.

16

John P. Moore, Attorney General, John E. Bush, Deputy, Robert L. Harris, Assistant, for petitioner.

Stephen J. Redmond, pro se.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

From August 1970 through part of February 1973, the respondent-claimant, Stephen J. Redmond (herein referred to as claimant), was a full-time college student working part-time for Casyndekan, Inc. Through no fault of his own, claimant was laid off his part-time job in February 1972. Therafter, he filed a claim for unemployment compensation which was initially disallowed. Subsequently, following a hearing, a referee also ruled that his claim should be disallowed since, as a full-time student, claimant was unavailable for full-time work. The Industrial Commission (herein referred to as the Commission) affirmed the ruling of the referee. The Court of Appeals reversed. *Redmond v. Industrial Commission,* 32 Colo. App. 134, 509 P.2d 1277 (1973).

C.R.S. 1963, 82-4-5(1) provides as follows:

"[T]he term 'part-time worker' means an individual whose normal work is in an occupation in which his services are not required for the customary scheduled full-time hours prevailing in the establishment in which he is employed or who, owing to personal circumstances, does not customarily work the customary scheduled full-time hours prevailing in the establishment in which he is employed."

As noted by the Court of Appeals, this statute defines two separate types of part-time workers. The Commission agrees that the claimant qualified as a part-time worker under the second definition, *i.e.,* owing to personal circumstances, claimant did not work the "customary scheduled full-time hours prevailing in the establishment in which he is employed."

The Court of Appeals correctly stated as follows: "Claimant actively sought and was willing to accept part-time work during those hours that his personal circumstances would allow him to work as he had done during the employment from which he had been terminated. The provisions of 1965 Perm. Supp., C.R.S. 1963, 82-4-7(4), that a claimant must be 'able to work and [must be] available for all work deemed suitable pursuant to the provisions of section 82-4-8,' should not prevent the intent of the legislature, from being carried out. That intent, as evidenced by C.R.S. 1963, 82-4-5(2), is to the effect that part-time workers should be afforded benefits notwithstanding inconsistent provisions elsewhere in the act."

The Commission argues that the intent of the unemployment compensation act was *not* to subsidize college students seeking advanced degrees. As pointed out by the Court of Appeals, however, C.R.S. 1963, 82-4-5 clearly expresses a legislative intent to afford benefits to certain part-time workers, and the claimant was such a worker. Had the legislature intended not to afford part-time worker benefits to full-time college students, it could easily have so stated. *See Swanson v. Employment Security Agency,* 81 Idaho 385, 342 P.2d 714 (1959). In fact, some statutes do restrict the benefit eligibility of certain students. For example, 1971 Perm. Supp., C.R.S. 1963, 82-1-3(8)(h)(i) and (ii) provide that the term "employment," as used in the unemployment compensation act, shall *not* include service performed in the employ of a school, college or university by a "student who is enrolled and is regularly attending classes at such school, college, or university."

We agree with the Commission that a part-time

worker under C.R.S. 1963, 82-4-5 must comply with other statutory eligibility requirements, *e.g.,* under 1965 Perm. Supp., C.R.S. 1963, 82-4-7(4) he must be "available for all work deemed suitable" and he must be "actively seeking work" under 1965 Perm. Supp., C.R.S. 1963, 82-4-7(8). These requirements, however, must be applied with the thoughts in mind that the claimant is a part-time worker and that the legislature intended to afford benefits to such workers. We certainly disagree with the referee's conclusion that a part-time worker who is a full-time college student must be available for *full-time* work in order to qualify for unemployment benefits. His conclusion subverts the intent of the legislature to afford benefits to part-time workers, and particularly to those workers who are employed part-time "owing to personal circumstances."

As pointed out by the Court of Appeals, *Industrial Commission v. Bennett,* 166 Colo. 101, 441 P.2d 648 (1968) does not stand for the proposition that a full-time college student can never be entitled to unemployment benefits. Rather, that case properly held that school attendance, and the resulting restrictions on the worker's availability for work and ability to seek work, is one of the circumstances bearing on a claimant's eligibility for benefits. As applied to part-time workers, school attendance — and the resulting restrictions on availability for work and ability to seek work — may be considered in determining a part-time worker's eligibility for benefits. The Commission must again keep in mind, however, that most part-time workers, and especially those who work part-time "owing to personal circumstances," will have some restrictions on their availability for work and their ability to seek work. The essential question in each case would seem to be whether the particular part-time worker claimant so restricted his availability for suitable work or so restricted his ability to actively seek work, that — in relation to the condition of the surrounding labor market — he cannot be deemed to have met the eligibility requirements.

The following is from the Court of Appeals opinion:
"The commission has not promulgated rules applicable to

part-time workers, as required by C.R.S. 1963, 82-4-5(2):

'The commission shall prescribe fair and reasonable general rules applicable to part-time workers for determining their full-time weekly wage and the total wages for employment by employers required to qualify such workers for benefits. Such rules, with respect to such part-time workers, shall supersede any inconsistent provisions of this chapter, but, so far as practicable, shall secure results reasonably similar to those provided in the analogous provisions of this chapter.'

The present claimant is entitled to receive benefits for the loss of his part-time employment through no fault of his own. Therefore, the commission is directed forthwith to comply with the mandate of C.R.S. 1963, 82-4-5(2), and prescribe fair and reasonable rules which will afford part-time workers benefits due them. Thereafter, the commission is directed to rehear this matter and determine, under its rules, the proper amount due claimant."

We reverse the Court of Appeals in its conclusion that the claimant is entitled to receive benefits. The Commission must make a finding in this respect under the law as set forth in this opinion. The statute requires the adoption of rules and the Court of Appeals is affirmed in this respect. The matter should be remanded to the Commission for a new hearing.

The decision of the Court of Appeals is affirmed in part and reversed in part, and the cause is returned to it for appropriate remand to the Commission.