515 P.2d 636 (1973)
Marvin R. COUCHMAN, Jr., Petitioner,
v.
INDUSTRIAL COMMISSION of the State of Colorado (Ex-officio Unemployment Compensation Commission of Colorado), and Martin Marietta Corporation, a Colorado corporation, Respondents.
No. 73-113.
Colorado Court of Appeals, Div. II.
October 24, 1973.
Betty L. Nordwind, Englewood, for petitioner.
John P. Moore, Atty. Gen., John E. Bush, Deputy Atty. Gen., Robert L. Harris, Asst. Atty. Gen., Denver, for respondents.
Selected for Official Publication.
PIERCE, Judge.
This is a review from an order of the Industrial Commission denying the petitioner's claim for unemployment compensation benefits. The order of the Commission affirmed the decision of the referee which denied benefits on the ground that "the claimant is not able and available for full-time work during regular normal working hours due to his restricted availability while attending class [at Arapahoe Community College]." The referee noted in his findings that claimant had been carrying approximately 10 hours of credit per week with some classes scheduled from 9:00 a. m. until 3:00 p. m. on some days. The record also indicates and the referee expressly found that "for the past several years the claimant has worked the late evening shift from 3:00 p. m. until 11:00 p. m." The only evidence taken at the hearing before the referee was testimony by the claimant himself to the effect that he was looking for similar "second shift" work as a machinist; that he had been employed as a machinist working on the second shift for a period of seven to eight *637 years; and that he has since accepted this type of employment.
The issue presented is whether the Industrial Commission correctly interpreted the "availability" requirement of 1965 Perm.Supp., C.R.S. 1963, 82-4-7(4) where the claimant, although willing and able to work "full time," has, for purposes of obtaining a general education, restricted his availability to "second shift" work. We hold that the evidence in the record before us is insufficient to support the Commission's conclusion, and remand the case to the Commission for further findings of fact.
In Industrial Commission v. Bennett, 166 Colo. 101, 441 P.2d 648, the court stated:
"Availability for work' and `actively seeking work' are two of the eligibility conditions required to entitle a person to unemployment compensation. . . . Both or either of these conditions could be found to be lacking or restricted by full-time attendance at school, and such a finding would be a lawful basis for disallowing compensation. Inquiry therefore regarding any circumstance, including school attendance, which has a bearing upon eligibility conditions is not only proper but is required in the efficient administration of the Colorado Employment Security Act."
The court did not rule that a full-time student, by attending classes during the normal working hours of the day, restricts his availability for employment. Rather, the opinion only points out that attending classes in an educational program unrelated to the claimant's employment is a proper consideration in determining the availability issue. Therefore, claimant's status as a student does not in itself make him unavailable for employment within the meaning of the statute. See Redmond v. Industrial Commission, Colo., 509 P.2d 1277, announced October 1, 1973; Colo.App., 509 P.2d 1277; Wiley v. Unemployment Compensation Board of Review, 195 Pa.Super. 256, 171 A.2d 810.
The fact that claimant has restricted his employment to particular hours of the day or to a specific shift must be considered within the context of the particular labor market in which he is seeking employment before a valid conclusion can be reached as to whether he has made himself unavailable for employment. Freeman, Able to Work and Available for Work, 55 Yale L. J. 123. Here, the Commission made no attempt to determine the extent of the job market open to claimant within the limits of his personally-imposed restrictions.
A determination of the availability for employment is one for which an all-inclusive rule cannot be stated, but rather must be made within the context of the factual situation presented by each case. Texas Employment Commission v. Hays, 360 S.W.2d 525 (Tex.). In the case before us, it is clear that claimant has subjected himself to a full voluntary and continuous exposure to the second shift job market. Upon obtaining additional information as to the existing condition of that particular job market, the Commission will then be in a postion to determine whether or not the second shift job market provided sufficient job opportunities and reasonable prospects of suitable work for claimant's employment. See Industrial Commission v. Bennett, supra; Comment, Unemployment Insurance in ColoradoEligibility and Disqualification, 25 Rocky Mt. L.Rev. 180.
The order of the Commission is set aside and the cause is remanded for further proceedings not inconsistent with this opinion.
COYTE and RULAND, JJ., concur.