554 P.2d 1360 (1976)
Carolyn L. MEDINA, Petitioner,
v.
INDUSTRIAL COMMISSION of the State of Colorado (Ex-Officio Unemployment Compensation Commission of Colorado), Respondent.
No. 76-206.
Colorado Court of Appeals, Div. I.
September 16, 1976.
*1361 Karp & Goldstein, Jeffrey A. Goldstein, Denver, for petitioner.
J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Louis L. Kelley, Asst. Atty. Gen., Denver, for respondent.
Selected for Official Publication.
SILVERSTEIN, Chief Judge.
Petitioner, Medina, seeks reversal of an Industrial Commission order which denied her unemployment compensation benefits on the ground that she "was able and available only for part-time work." We affirm.
Section 8-73-107(1)(c), C.R.S.1973 provides that an unemployed individual (who is otherwise qualified) is eligible to receive benefits if "[h]e is able to work and is available for all work deemed suitable...."
Medina worked for Walgreen's at a job which required her to be on her feet eight hours a day. On May 28, 1974, she obtained a leave of absence for surgery needed because of an injury which was unrelated to her employment. In September 1974, she was terminated because her job could no longer be held open. On June 27, 1975, her doctor released her for work as of July 1, 1975, stating she was physically able to work, "but she cannot work on her feet." Then on July 29, 1975, the same doctor certified that she was able to work part-time at her usual occupation. Upon applying for work at Walgreen's she was advised that they had no part-time work, nor any jobs that would meet her physical limitations. There is no evidence in the record that she sought other types of employment elsewhere.
"A determination of the availability for employment is one for which an allinclusive rule cannot be stated, but rather must be made within the context of the factual situation presented by each case." Couchman v. Industrial Commission, 33 Colo.App. 116, 515 P.2d 636. The initial burden is on the claimant to establish a prima facie case of eligibility for benefits. Von Poppenheim v. Morgan, 9 Or.App. 495, 497 P.2d 866; Loew's Inc. v. California Employment Stabilization Comm., 76 Cal. App.2d 231, 172 P.2d 938.
The essential question in each case is whether the claimant's availability for suitable work is so restrictedin relation *1362 to the condition of the surrounding labor marketthat he cannot be deemed to have met the eligibility requirements of ability to, and availability for, work. Industrial Commission v. Redmond, 183 Colo. 14, 514 P.2d 623. See Bayly Manufacturing Co. v. Department of Employment, 155 Colo. 433, 395 P.2d 216. Here the type and hours of work sought by the claimant were so limited that she was not "able and available" for all suitable work within the meaning of the statute. See Ellis v. Employment Security Agency, 83 Idaho 95, 358 P.2d 396.
Order affirmed.
COYTE and RULAND, JJ., concur.