566 P.2d 372 (1977)
Lynn G. RATHBURN (Cordova), Petitioner,
v.
The INDUSTRIAL COMMISSION of the State of Colorado (Ex-Officio Unemployment Compensation Commission of Colorado), and Hair Art International, Incorporated, Respondents.
No. 76-799.
Colorado Court of Appeals, Div. III.
June 16, 1977.
William Redak, Jr., Boulder, for petitioner.
J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., John Kezer, Asst. Atty. Gen., Denver, for respondents.
*373 PIERCE, Judge.
Petitioner seeks review of an Industrial Commission order disqualifying her from receipt of unemployment compensation under § 8-73-108(7)(a), C.R.S.1973. She urges the insufficiency of evidence supporting factual findings regarding non-entitlement. We uphold the order.
Petitioner was discharged from her employment as a receptionist. She claims that the termination was a result of her pregnancy and the need to take maternity leave in a few months, coupled with the immediate availability to the employer of a highly qualified replacement. The employer maintains that petitioner was replaced because during the pregnancy she had developed a decided lack of concentration and a poor attitude which was manifested in numerous small errors which adversely affected the business. The employer further claims that she had been admonished about these shortcomings on a number of occasions. Petitioner conceded that her work had deteriorated during this period, and testified as to two specific errors she made in the course of her employment, but blamed this decline in performance on her concern with the illness of her mother. See § 8-73-108(7)(b)(VI), C.R.S.1973.
The circumstances required the Commission to make factual determinations from conflicting evidence, to consider both the content and the credibility of the testimony. The factual conflicts were resolved in favor of the employer. See Standard Metals Corp. v. Ball, 172 Colo. 510, 474 P.2d 622 (1970); Levy v. Everson Plumbing Co., 171 Colo. 468, 468 P.2d 34 (1970). See also Regal Coal Co. v. Jackvich, 105 Colo. 479, 99 P.2d 196 (1940).
In support of her argument regarding the alleged inadequacy of the evidence and the insufficiency of the Commission's factual findings, petitioner emphasizes the absence of specificity in testimony proferred by the employer and the existence of a subsequent temporary re-hire offer when the replacement receptionist abruptly quit. She argues that by virtue of §§ 8-74-109 and 24-4-106(7), C.R.S.1973, which require support by substantial evidence for administrative findings to be conclusive on review, the mere existence of some evidence is insufficient.
Although we recognize the correctness of this statement in the abstract, see Lassner v. Civil Service Commission, 177 Colo. 257, 493 P.2d 1087 (1972), here the evidence, although conflicting, meets the test necessary to render the challenged findings conclusive. Substantial evidence is that which is probative, credible, and competent, of a character which would warrant a reasonable belief in the existence of facts supporting a particular finding, without regard to the existence of contradictory testimony or contrary inferences. See Coakley v. Hayes, 121 Colo. 303, 215 P.2d 901 (1950); A. Carbone & Co. v. MacGregor, 113 Colo. 241, 155 P.2d 994 (1945); Black Forest Fox Ranch, Inc. v. Garrett, 110 Colo. 323, 134 P.2d 332 (1943). See also Renner v. Monsanto Chemical Co., 187 Kan. 158, 354 P.2d 326 (1960); Brown v. Cobb, 53 N.M. 169, 204 P.2d 264 (1949). Cf. § 5-6-108(2), C.R.S.1973.
Here, although general in certain respects, the employer's unequivocal testimony as to why petitioner was fired completely and positively supports the Commission's findings that termination was the consequence of poor job performance caused by a poor attitude and lack of concentration. This testimony was corroborated in part by the petitioner herself. Petitioner concedes that the interim offer of re-employment is subject to several different interpretations, and that the inference she seeks to draw from it regarding the reason for termination is not compelled. Under these circumstances, the substantial evidence requirement is satisfied, and the Commission's determination may not be overturned on review. Industrial Commission v. Bennett, 166 Colo. 101, 441 P.2d 648 (1968).
A representative of the employer appeared as a witness, but also asked the petitioner one question during the hearing. Ross v. Industrial Commission, Colo.App., 566 P.2d 367 (announced April 7, 1977), is *374 dispositive of petitioner's contention regarding the allegedly illegal practice of law by this representative.
Order affirmed.
SILVERSTEIN, C. J., and RULAND, J., concur.