590 P.2d 521 (1979)
Leo J. ROTENBERG, Petitioner,
v.
INDUSTRIAL COMMISSION of the State of Colorado (Ex-Officio Unemployment Compensation Commission of Colorado), and Rocky Mountain News, Respondents.
No. 78-885.
Colorado Court of Appeals, Div. 1.
February 1, 1979.
*522 Leo J. Rotenberg, pro se.
J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., David Aschkinasi, Asst. Atty. Gen., Denver, for respondents.
PIERCE, Judge.
Petitioner, Leo J. Rotenberg, seeks review of an order of the Industrial Commission disqualifying him from unemployment benefits for a period of 12 weeks. We affirm.
Petitioner was a computer programmer employed at the Rocky Mountain News. In March of 1978, he quit his job because of what he described in his letter of resignation as "unhealthy working conditions, to wit: stale and oxygen-depleted air in the office where I have been working." Petitioner testified that he resigned only after his employer refused to consider his request to set up work areas for non-smokers. The employer's personnel director, on the other hand, testified that petitioner:
"[D]emanded that everyone in the department cease smoking and we told him that while we would certainly discuss it with the people and see if it couldn't be moderated, that we just weren't in the position that we could demand that everyone in the department cease to smoke."
The personnel director also testified that petitioner did not mention any particular sensitivity to cigarette smoke when he interviewed for the position, and that no one who worked in petitioner's office had ever complained about the quality of the air.
Petitioner based his claim for benefits on § 8-73-108(4)(c), C.R.S.1973 (1976 Cum. Supp.), which provides that a full award shall be allowed when an employee quits his job because of "unsatisfactory or hazardous working conditions." However, the referee found that petitioner voluntarily resigned his job because of dissatisfaction with prevailing working conditions. The Commission concurred, and ordered a 12-week period of disqualification pursuant to §§ 8-73-108(2)(b)(I) and 8-73-108(5)(a) C.R.S.1973 (1976 Cum.Supp.).
Petitioner argues that the Commission erred in failing to investigate his claim of hazardous working conditions. In particular, he contends that the Commission was obligated to make objective, scientific tests of the air quality at his former work place. However, petitioner misunderstands the nature and functions of the Commission. It is essentially an adjudicatory body, and not an investigative one, whose function in this context is the neutral evaluation of the claims of unemployed persons. See Thompson v. Industrial Commission, 33 *523 Colo.App. 369, 520 P.2d 139 (1974). The burden of demonstrating eligibility for unemployment benefits rests on the person claiming those benefits, and not on the Industrial Commission. Medina v. Industrial Commission, 38 Colo.App. 256, 554 P.2d 1360 (1976).
Here, petitioner presented no evidence indicating that the working conditions at his office were "unsatisfactory or hazardous" within the meaning of § 8-73-108(4)(c), C.R.S.1973 (1976 Cum.Supp.), other than his own subjective statements of discomfort. On this state of the evidence, we cannot overturn the Commission's determination. See Rathburn v. Industrial Commission, 39 Colo.App. 433, 566 P.2d 372 (1977).
Order affirmed.
COYTE and KELLY, JJ., concur.