Alana Joyce **BARTHOLOMAY**,
Petitioner,

v.

The **INDUSTRIAL COMMISSION of The State of Colorado, Jefferson County R–1 (Employer), Respondents.**

No. 81CA0801.

Colorado Court of Appeals,
Div. III.

Feb. 11, 1982.

Alana Joyce Bartholomay, pro se.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Lynn L. Palma, Asst. Atty. Gen., Denver, for respondents.

STERNBERG, Judge.

Claimant, Alana Joyce Bartholomay, seeks review of a final order of the Industrial Commission which disallowed her claim for unemployment compensation benefits under § 8–73–107(1)(c), C.R.S. 1973 (1981 Cum.Supp.). We set aside the order.

The pertinent facts are essentially undisputed. Claimant broke her ankle and was unable to perform her duties as a part-time bus driver for Jefferson County R–1 School District (employer) beginning October 18, 1980. The injury was not work-related. Claimant was placed on leave of absence by the employer for the period of her disability.

Claimant filed a claim for benefits on October 27. Her attending physician submitted a medical report which stated that claimant could not perform the duties of her usual occupation but that as of November 3, 1980, she could work full time in work that did not require "being on [her] feet or having [her] leg down."

At the hearing on her claim in March 1981, claimant was using a cane and testified that, according to her doctor, she was still unable to resume the duties of a bus driver. She testified she had been using crutches until about two weeks prior to the hearing. She testified also that she had been seeking temporary employment since October 27, in jobs which she felt qualified for and physically able to perform at that time, such as cashiering and answering telephones. The employer's representative testified that claimant could have applied for other jobs with the employer while she was unable to perform her regular duties. However, claimant was not made aware of this policy and did not explore the possibility of securing other employment with the employer.

The referee, in affirming the deputy's decision that the claim for benefits should be disallowed under § 8–73–107(1)(c), found that claimant was unable to perform her "normal duties and has made no showing that she's available for suitable work because of her difficulty with walking." The referee also based the disallowance on his conclusion that claimant had not been separated from employment because she was on leave of absence. He denied benefits for the period of disability. The Commission affirmed the decision of the referee.

On this appeal claimant contends that the Commission's findings and conclusions are not supported by the evidence and are erroneous as a matter of law. We agree that the Commission has misconstrued the statutes applicable to the facts of this case.

■ Insofar as the Commission's order is based on a determination that claimant has not been separated from employment, it is erroneous. In *Denver Post, Inc. v. Department of Labor & Employment*, 199 Colo. 466, 610 P.2d 1075 (1980), the court considered the statutory provisions defining "totally unemployed" and "partially employed." Sections 8–70–103(18) and 8–70–103(21), C.R.S. 1973. It noted that an individual who is otherwise totally unemployed in that he performs no services and receives no compensation but is "not totally separated from his regular employer," shall be deemed "partially unemployed" and subject to the regulations governing partial unemployment. These principles are applicable to claimant as a part-time employee. *Cf. Industrial Commission v. Redmond*, 183 Colo. 14, 514 P.2d 623 (1973).

We conclude that under the analysis set forth in *Denver Post, Inc. v. Department of Labor & Employment, supra*, claimant was "partially unemployed." She performed no services and received no compensation for periods for which unemployment benefits are claimed. She also was not "totally separated" from her regular employer.

Relative to the disallowance of benefits based on the determination that claimant was not available for suitable work, the Attorney General appears to contend that

§ 8–73–108(4)(b)(I), C.R.S. 1973 (1981 Cum. Supp.) requires that a claimant who is separated from her employment for health reasons must be able and available to return to her "normal" work duties before she may be entitled to benefits. In our view, this construction is too narrow, and it is violative of the principle that unemployment compensation acts are to be liberally construed to further their remedial and beneficent purposes. *Industrial Commission v. Sirokman*, 134 Colo. 481, 306 P.2d 669 (1957).

Claimant's partial unemployment was the result of her physical incapacity and thus comes within the purview of § 8–73–108(4)(b)(I) which provides, insofar as pertinent, for a full award of benefits when "[t]he health of the worker is such that he must quit his employment and refrain from working for a period of time, but at the time of filing his claim he is able and available for work ...." As one condition of eligibility for benefits, the Division of Employment must find that a claimant who is otherwise qualified "is able to work and is available for all work deemed suitable pursuant to the provisions of section 8–73–108." Section 8–73–107(1)(c)(I), C.R.S. 1973 (1981 Cum.Supp.). *See also* § 8–73–107(1)(g), C.R.S. 1973, which further conditions eligibility on establishing that one is "actively seeking work." The Commission has also adopted the following regulation with respect to the benefit right of part-time workers:

"2.2.3 *Able, Available, and Actively Seeking Work.* Any unemployed part-time worker shall be deemed to have met the requirements of section 8–73–107(1)(c) and (g), C.R.S. 1973, if:

1. Said worker is able to work, available for and actively seeking his customary part-time work, *or other part-time work for which he is qualified* ...." *See* 7 Code Colo.Reg. 1101–2 at p. 6 (1977) (emphasis supplied).

■ The dispositive question here is whether the claimant can be considered to have met the condition of eligibility that she is able and available for work when she is unable for health reasons to perform the

duties of the job she held at the time she became unemployed but not unable to perform other jobs within her physical capabilities and for which she is otherwise qualified. We hold that where an unemployment compensation claimant is, for health reasons, unable to perform such claimant's "normal" work for a period of time, the claimant may nevertheless be eligible for benefits if the claimant is able to perform and is available for other suitable work. *See Kernisky v. Pennsylvania*, 10 Pa. Commw.Ct. 199, 309 A.2d 181 (1973); *see generally* 81 *C.J.S. Social Security and Public Welfare* § 261. Indeed, the regulation allows for no other interpretation.

The claimant has the initial burden of proof to establish a *prima facie* case of eligibility for benefits. *Medina v. Industrial Commission*, 38 Colo.App. 256, 554 P.2d 1360 (1976). The determination of availability for suitable work is largely a question of fact for the Commission which it must make "within the context of the factual situation presented by each case." *Couchman v. Industrial Commission*, 33 Colo.App. 116, 515 P.2d 636 (1973).

Here, claimant testified that she was available and had searched for work which she felt she could perform with her job qualifications and physical limitations. The Commission must make the necessary factual determinations, conducting such further hearings as may be necessary, on claimant's eligibility for benefits under §§ 8–73–107(1)(c) and (g). *See Industrial Commission v. Redmond, supra; Couchman v. Industrial Commission, supra.*

The order of the Commission is set aside and the cause is remanded for further proceedings consistent with this opinion.

KIRSHBAUM and TURSI, JJ., concur.