Mustapha **YATRIBI**, Petitioner,

v.

The **INDUSTRIAL COMMISSION OF the STATE OF COLORADO** and **Mataam Fez**, Respondents.

No. 84CA1302.

Colorado Court of Appeals, Div. III.

April 18, 1985.

Mustapha Yatribi, pro se.

No appearance for respondents.

TURSI, Judge.

Petitioner, Mustapha Yatribi, seeks review of an order of the Industrial Commission denying him unemployment compensation benefits and requiring him to repay certain benefits he received to. which he was later deemed not entitled. We set aside the order and remand to the Industrial Commission.

Petitioner entered the United States February 4, 1981, under a nonimmigrant student visa. On January 7, 1982, petitioner married a United States citizen. Later that same year petitioner's spouse filed an immediate relative petition with the Immigration and Naturalization Service (INS) requesting that her husband be granted a permanent resident alien visa. While this application was pending the INS granted petitioner authorization to work. Petitioner received his permanent resident alien visa on May 20, 1983. Petitioner worked for two different Denver employers at various periods from June 1981 to May 16, 1983.

Petitioner filed a claim for unemployment compensation benefits, using as a base period wages earned in the last three quarters of 1981 and the first quarter of 1982. Petitioner received $1070 in benefits from this claim.

Petitioner's receipt of benefits from this claim was subsequently reviewed, and it was determined that there had been an overpayment of benefits. A reviewing deputy ruled that wages earned by petitioner before the issuance of his permanent visa on May 20, 1983, could not be used for monetary eligibility purposes. Accordingly, petitioner was ordered to repay the $1070 he had received in benefits. *See* § 8–81–101(4)(a)(I), C.R.S. (1984 Cum. Supp.).

After an appeal hearing on the matter, a referee affirmed the deputy's decision. The Industrial Commission then vacated the referee's decision, holding that petitioner was entitled to unemployment benefits on the basis of wages he earned from the time he was permanently residing in the United States under color of law. The Commission determined that petitioner was so eligible from the time the INS granted him authorization to work. The Commission remanded the matter to the Division of Employment and Training to determine the specific date petitioner received work authorization from the INS.

A second hearing was held, but petitioner failed to make an appearance. As a result, the referee recertified the case to the Industrial Commission for redetermination from the record available. The Industrial Commission reinstated the referee's first decision denying unemployment benefits and ordering repayment of overpaid benefits. The Commission concluded that:

"In the absence of any further evidence ... there is not substantial and competent evidence on the record to support the purported contention by the claimant of a permission to work from the federal authorities which might establish a date earlier than the date found by the referee, May 20, 1983, upon which his wages became eligible as the basis for benefits."

We disagree with the Industrial Commission that the record does not contain substantial evidence to support petitioner's claim that he had work authorization from the INS. Substantial evidence is that which is probative, credible, and competent, of a character which would warrant a reasonable belief in the existence of facts supporting a particular finding, without regard to the existence of contradictory testimony or contrary inferences. *Rathburn v. Industrial Commission*, 39 Colo.App. 433, 566 P.2d 372 (1977).

Petitioner testified at the first hearing that the INS stamped his passport with a work permit when he was applying for his permanent resident visa. A copy of petitioner's passport is in the record and is stamped "ADJUSTMENT APPLICANT EMPLOYMENT AUTHORIZED VALID

UNTIL." The stamp is followed by three handwritten and initialed dates: May 11, 1982, which is lined through, July 11, 1982, and the words "Ext. until" followed by "1/11/83." There is no evidence in the record contradicting petitioner's testimony or the validity of the work authorization stamp.

This evidence is sufficient to support a finding that petitioner received work authorization from the INS at least as of May 11, 1982. The evidence implies that the authorization was granted earlier, but the record, as it exists, does not pinpoint a precise date. Pursuant to this court's recent decisions in *Arteaga v. Industrial Commission,* —— P.2d —— (Colo.App. No. 84CA0601, January 31, 1985) and *Zanjani v. Industrial Commission,* —— P.2d —— (Colo.App. No. 84CA0824, March 21, 1985), petitioner was eligible for unemployment compensation benefits when he received work authorization from the INS. Thus, wages earned after May 11, 1982, at the latest, are includable in determining his monetary eligibility for such benefits.

Accordingly, the order of the Industrial Commission is set aside and the cause remanded to the Commission for redetermination of petitioner's claim for unemployment benefits and the overpayment order. This shall require a finding whether petitioner had the necessary base period. The Commission is directed, at its option, to enter a finding that wages earned by petitioner after May 11, 1982, are includable in determining his monetary eligibility for benefits, or to remand to the Department of Employment and Training for rehearing to determine the precise date the INS granted petitioner work authorization.

STERNBERG and METZGER, JJ., concur.