FRONTIER AIRLINES, INC.,
Petitioner,

v.

The INDUSTRIAL COMMISSION OF the STATE of Colorado, and Vickie R. Medley, Amy B. Wiggin, and Patricia J. Hood, Respondents.

Nos. 85CA0902, 85CA0904 and 85CA0905.

Colorado Court of Appeals,
Div. III.

Oct. 9, 1986.

Rehearing Denied Nov. 6, 1986.

Certiorari Granted (Frontier)
March 16, 1987.

Bradley, Campbell & Carney, P.C., Victor F. Boog, Golden, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Dani R. Newsum, Asst. Atty. Gen., Denver, for respondent Indus. Comn.

Winzenburg and Leff, Lawrence`B. Leff, Aurora, for respondent Amy B. Wiggin.

No Appearance for respondents Vickie R. Medley and Patricia J. Hood.

BABCOCK, Judge.

In this consolidated proceeding, Frontier Airlines seeks review of the Industrial Commission's orders awarding full unemployment compensation benefits to three flight attendants (claimants) on maternity leave. We affirm.

Frontier's policy mandates maternity leave after a flight attendant reaches her twenty-seventh week of pregnancy. After the attendant has exhausted her accumulated sick leave, maternity leave is unpaid. Each claimant applied for unemployment benefits commencing in her twenty-eighth week of pregnancy. Each testified that she was available for work in related occupations and was actively seeking such work. The Commission found that claimants were entitled to full benefits pursuant to § 8–73–108(4)(b)(I), C.R.S. (1986 Repl. Vol. 3B), for those weeks when they were unable to work as flight attendants, but were available for other suitable work.

█ Frontier contends that the Commission erred in applying § 8–73–108(4)(b)(I), C.R.S. (1986 Repl.Vol. 3B), because the claimants were never "separated" from their employment within the meaning of the statute. We disagree.

Section 8–73–108(4), C.R.S. (1986 Repl. Vol. 3B) provides that, "An individual separated from a job shall be given a full award of benefits" if the division determines that conditions specified in the section exist. Relying on *Denver Post, Inc. v. Depart-*

*ment of Labor & Employment,* 199 Colo. 466, 610 P.2d 1075 (1980), Frontier argues that claimants were not "separated" from employment as a matter of law because they continued to receive employee benefits and would resume employment following maternity leave.

In *Denver Post, Inc. v. Department of Labor & Employment, supra,* claimants, substitute printers and substitute stereotypers, who continued receiving employee benefits while not working were found to be "partially unemployed" under §§ 8–70–103(18) and 8–70–103(21), C.R.S. (1986 Repl. Vol. 3B). The Commission made the same finding with respect to the claimants here. In *Bartholomay v. Industrial Commission,* 642 P.2d 50 (Colo.App.1982), we held that an employee who is "partially unemployed" but not "totally separated" is nevertheless eligible for benefits under § 8–73–108(4)(b)(I), C.R.S. (1986 Repl.Vol. 3B), if the claimant is able to perform and is available for other suitable work.

Here, as in *Bartholomay v. Industrial Commission, supra,* claimants were on mandatory leave from their usual occupation because of a temporary physical condition and were entitled to resume employment when physically able to return to work. They received no wages during leave. The Commission found that they were able to do other suitable work, available for such work, and actively seeking it. This temporary but mandatory medical leave of absence constituted partial unemployment and, thus, was a "separation" sufficient to entitle the claimants to benefits.

■ Moreover, in contrast to *Saint Anthony Hospital Systems v. Industrial Commission,* 709 P.2d 967 (Colo.App.1985), here the "employee benefits" claimants continued to receive did not include the right to work when needed by the employer. Therefore, mere continuation of certain employee benefits does not as a matter of law foreclose the Commission's finding that claimants were separated from employment.

■ Frontier also argues that claimants are not entitled to benefits because they presented no evidence that they became pregnant "through no fault of their own." We hold that such evidence is unnecessary.

■ Section 8–73–108(4)(b)(I), C.R.S. (1986 Repl.Vol. 3B), specifically provides that benefits are available to a worker "who, either voluntarily or involuntarily, is separated from employment because of pregnancy" if she satisfies the subsection's other requirements. This provision is a specific exception to the general rule in § 8–73–108(1)(a), C.R.S. (1986 Repl.Vol. 3B) that unemployment compensation is "for the benefit of persons unemployed through no fault of their own." *See* § 2–4–205, C.R.S. (1980 Repl.Vol. 1B); *Denver v. Hansen,* 650 P.2d 1319 (Colo.App.1982). Therefore, whether claimants became pregnant of their own volition is totally irrelevant to their eligibility for benefits.

■ Finally, Frontier asserts that there was insufficient evidence to support the Commission's finding that claimants were available for suitable work. We disagree.

In order to be "available for suitable work," claimants need not be able to perform their normal work, if they are able to perform and are qualified for other jobs within their physical capabilities. *Bartholomay v. Industrial Commission, supra.* Here, the claimants testified, and the Commission found, that they were able to perform and were actively seeking other work. That job opportunities for claimants in other fields were limited is only one factor for the Commission to consider in its determination of fact. *See Couchman v. Industrial Commission,* 33 Colo.App. 116, 515 P.2d 636 (1973).

Orders affirmed.

STERNBERG and CRISWELL, JJ., concur.