**CHRIS THE CRAZY TRADER, INC. and Christopher Dodge, Inc., Petitioners,**

**v.**

**INDUSTRIAL CLAIM APPEALS OFFICE OF THE STATE OF COLORADO and Jesus A. Madrid, Respondents.**

No. 03CA0678.

Colorado Court of Appeals, Div. III.

Nov. 20, 2003.

Gary F. Burke, Arvada, Colorado, for Petitioners.

Ken Salazar, Attorney General, Eric S. Rothaus, Assistant Attorney General, Denver, Colorado, for Respondent Industrial Claim Appeals Office.

No Appearance for Respondent Jesus A. Madrid.

Opinion by Judge ROY.

In this unemployment compensation case, petitioners, Chris the Crazy Trader, Inc. and Christopher Dodge, Inc. (collectively employer), seek review of a final order of the Industrial Claim Appeals Office (Panel) that upheld a hearing officer's decision awarding unemployment benefits to Jesus A. Madrid (claimant). We affirm. .

Claimant was hired as a full-time employee in employer's body shop. The hearing officer found with support in the record that (1) upon hiring claimant, employer informed claimant that he would be working full-time; (2) during his first two weeks the employment approximated full-time employment; (3) thereafter, because of a lack of work, employer reduced claimant's hours such that he was working only part time and making approximately $200 per week; (4) claimant eventually quit because he could not afford to continue working the reduced number of hours; and (5) other employees doing body repair work for employer were getting "significantly more hours of work" than claimant got.

The hearing officer concluded that claimant quit because of a substantial change in working conditions with employer that were substantially less favorable to him. Thus, the hearing officer determined that claimant was entitled to a full award of benefits pursuant to § 8–73–108(4)(d), C.R.S.2003. The Panel affirmed.

■ Employer contends on appeal that the hearing officer and the Panel erred in their construction and application of § 8–73–108(4)(d). More specifically, employer argues that if benefits are to be awarded under that section, the Division of Employment and Training (Division) has an affirmative duty to obtain evidence concerning employees doing similar work for other employers in the locality. We disagree.

Section 8–73–108(4)(d) provides for an award of benefits if there has been a "substantial change in the worker's working conditions, said change in working conditions being substantially less favorable to the worker." The section goes on to provide: "No change in working conditions shall be considered substantial if it is determined by the division that the conditions prevailing after the change are those generally prevailing for *other workers performing the same or similar work.*" (Emphasis added.)

█ The § 8–73–108(4)(d) inquiry is not limited to other workers performing the same or similar work for the particular employer involved in the case. Rather, the inquiry should include workers engaged in the same or similar work "in the locality," whether employed by the same employer or by others. *See Arias v. Indus. Claim Appeals Office,* 850 P.2d 161 (Colo.App.1993). Here, neither party presented any evidence concerning individuals doing similar work for other employers in the locality.

█ In determining eligibility for unemployment benefits, the Division is an adjudicatory, not investigatory, body. Its function and responsibility are to conduct a neutral adjudication of unemployment claims, not to investigate the factual basis for such claims. *See Wafford v. Indus. Claim Appeals Office,* 907 P.2d 741 (Colo.App.1995); *Rotenberg v. Indus. Comm'n,* 42 Colo.App. 161, 590 P.2d 521 (1979).

Contrary to employer's contention, we perceive nothing in the language of § 8–73–108(4)(d) itself or in the *Arias* decision that imposes an affirmative obligation on the Division to seek out and obtain evidence concerning individuals doing similar work for other employers in the locality.

The order is affirmed.

Judge MARQUEZ and Judge DAILEY concur.