25CA0759 Stough v ICAO 11-26-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0759
Industrial Claim Appeals Office of the State of Colorado
WC No. 4-880-58302

---

Deborah A. Stough,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado, Department of Revenue, and Self Insured,

Respondents.

---

ORDER AFFIRMED

Division IV
Opinion by JUDGE SCHOCK
Harris and Johnson, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 26, 2025

---

Deborah A. Stough, Pro Se

No Appearance for Respondent Industrial Claim Appeals Office

Phillip J. Weiser, Attorney General, D. Clay Thornton, Senior Assistant Attorney General, Denver, Colorado, for Respondents Department of Revenue and Self Insured

¶ 1     Deborah Stough appeals an order from the Industrial Claim Appeals Office (Panel) affirming a hearing officer's denial of her petition to reopen her workers' compensation claim. We affirm.

## I.     Background

¶ 2     Stough worked for the Colorado Department of Revenue (Employer) from 2006 until mid-2012. In 2012, Stough slipped and fell while working, and she filed a workers' compensation claim.

¶ 3     In April 2013, Dr. Daniel Olson determined Stough was at maximum medical improvement (MMI) and assigned her a final impairment rating. A few days later, Employer filed a Final Admission of Liability detailing the total benefits that would be paid. Stough objected but later entered into a settlement agreement with Employer that resolved her claim. The Colorado Division of Workers' Compensation accepted the settlement agreement.

¶ 4     Ten years later, Stough filed an application for an evidentiary hearing to reopen her settlement pursuant to section 8-43-303, C.R.S. 2025, arguing that the settlement had been obtained through fraud. At the hearing, Stough asserted that her cognitive issues prevented her from recognizing the alleged fraud.

¶ 5     After the hearing, an administrative law judge (ALJ) denied Stough's request to reopen her settlement.  The ALJ found that Stough had failed to prove any fraud or show that she did not understand the settlement agreement when she signed it.[1]  Stough appealed the ALJ's decision to the Panel, and the Panel affirmed.

## II.     Standard of Review

¶ 6     Under section 8-43-308, C.R.S. 2025, we may set aside the Panel's decision only when (1) the factual findings are not sufficient to permit appellate review; (2) conflicts in the evidence are not resolved in the record; (3) the findings of fact are not supported by the evidence; (4) the findings of fact do not support the order; or (5) the award or denial of benefits is not supported by applicable law.  In making this determination, we may not disturb the ALJ's factual findings if they are "supported by substantial evidence."  *Id.*

¶ 7     Substantial evidence is "probative, credible, and competent, of a character which would warrant a reasonable belief in the

---

[1] The ALJ also denied Stough's request for an order levying penalties against Employer, but Stough does not develop any challenge to that ruling on appeal.  *See Vallagio at Inverness Residential Condo. Ass'n, Inc. v. Metro Homes, Inc.*, 2017 CO 69, ¶¶ 39-40 (declining to address undeveloped arguments).

existence of facts supporting a particular finding, without regard to the existence of contradictory testimony or contrary inferences." *Rathburn v. Indus. Comm'n*, 566 P.2d 372, 373 (Colo. App. 1977). It is the ALJ's role to assess the probative weight, credibility, and sufficiency of the evidence, and the ALJ's findings based on conflicting evidence are conclusive on review. *Delta Drywall v. Indus. Claim Appeals Off.*, 868 P.2d 1155, 1157 (Colo. App. 1993).

### III. Analysis

¶ 8 Stough contends that her settlement should be reopened based on fraud and her cognitive impairments. More specifically, she asserts that she did not receive the neuropsychological evaluation describing her cognitive deficits before she entered into the settlement agreement. Because the Panel's decision is supported by the record, we perceive no basis to set it aside.

### A. Fraud

¶ 9 A settlement of a workers' compensation claim "may be reopened at any time on the ground of fraud or mutual mistake of material fact." § 8-43-303(1). This authority is "permissive, and whether to reopen a prior award when the statutory criteria have been met is left to the sound discretion of the ALJ." *Kilpatrick v.*

*Indus. Claim Appeals Off.*, 2015 COA 30, ¶ 44 (citation omitted). Absent an order reopening the proceedings, no further benefits may be awarded after an award becomes final. *Avalanche Indus., Inc. v. Indus. Claim Appeals Off.*, 166 P.3d 147, 152 (Colo. App. 2007).

¶ 10 Because the statute does not define "fraud," we give the term its common law meaning. *See Jefferson Cnty. v. Dozier*, 2025 CO 36, ¶ 29 (noting that common law definitions may aid in interpreting undefined statutory terms). Thus, to show fraud, Stough must prove that (1) Employer made a false representation of material fact; (2) Employer knew the statement was false; (3) Stough was ignorant of the falsity; (4) Employer made the representation with the intention that it be relied upon; and (5) Stough was damaged as a result. *See Vinton v. Virzi*, 2012 CO 10, ¶ 15.

¶ 11 Stough appears to argue that Employer defrauded her by failing to provide her a copy of a neuropsychological evaluation completed by Dr. Dale Mann before she entered into the settlement agreement. In her reply brief, she suggests that the original evaluation was replaced with an altered copy. She made similar claims at the ALJ hearing, testifying that (1) she did not receive a copy of the evaluation until two years after she signed the

settlement agreement; (2) the evaluation she introduced as an exhibit at the hearing was an altered version that omitted a post-traumatic stress order diagnosis; and (3) multiple people conspired to replace the original evaluation with the altered version.

¶ 12　　But as the ALJ noted, Dr. Olson's 2013 MMI report cited Dr. Mann's report and expressly noted that Dr. Mann found "some mild difficulties with memory, attention, and concentration."  The MMI report was attached to the Final Admission of Liability, which Employer certified was sent to Stough and her then-attorney.  The ALJ found this evidence credible and reasonably inferred that Stough and her attorney were on notice of Dr. Mann's report before executing the settlement agreement.  The ALJ also found that Stough failed to present any "credible or persuasive evidence" that anyone replaced Dr. Mann's original report with an altered version.

¶ 13　　Thus, the ALJ found that Stough failed to prove that Employer "purposely concealed any psychological diagnosis."  Because that finding is supported by evidence in the record, we may not reweigh the evidence or second-guess the ALJ's credibility determinations. *See Sanchez v. Indus. Claim Appeals Off.*, 2017 COA 71, ¶ 57.

## B.   Competency

¶ 14    An ALJ may also set aside a settlement agreement when the ALJ finds that the claimant was incompetent to enter into the agreement. *Powderhorn Coal Co. v. Weaver*, 835 P.2d 616, 618-19 (Colo. App. 1992).  In making this determination, the ALJ may retroactively determine the claimant's competency at the time of the agreement. *Id.* at 619; *see also* § 8-43-207(1)(m), C.R.S 2025.

¶ 15    Stough appears to assert that her cognitive impairments, as detailed in Dr. Mann's evaluation, made her incompetent to enter into the settlement agreement.[2]  But the only evidence she points to on this point is the evaluation itself, which includes a finding of a "mild," unspecified "cognitive disorder."  Other than this evaluation and her own testimony that she suffers some cognitive impairment, Stough did not present any evidence that she did not understand the settlement agreement when she signed it.  In other words, she

---

[2] We reject Employer's argument that Stough failed to preserve this argument.  Although Stough did not use the term "competency" in the ALJ proceedings, she asserted that she had "cognitive issues," and the ALJ found that "[t]he ALJ is not persuaded [Stough] did not understand the settlement agreement at the time."  We therefore deem the argument adequately preserved for appellate review. *See Cuevas v. Pub. Serv. Co. of Colo.*, 2023 COA 64M, ¶ 35 n.3.

made no connection between her cognitive impairment and her ability to understand the settlement agreement and its effect.

¶ 16 The ALJ found the evidence at the hearing insufficient to establish that Stough was not competent to enter into the settlement agreement when she signed it. Stough has not identified any legal error in this determination, nor have we. And to the extent Stough asks us to reweigh the evidence and reach a different conclusion than the ALJ, we may not do so. *See Sanchez,* ¶ 57.

## C. Other Issues

¶ 17 Stough alludes to several additional arguments for the first time in her reply brief. We do not consider any arguments that Stough did not raise in her opening brief. *See IBC Denver II, LLC v. City of Wheat Ridge*, 183 P.3d 714, 718 (Colo. App. 2008) (declining to consider arguments raised for the first time in a reply brief).

¶ 18 We also need not address Stough's dispute of Employer's factual assertions in its answer brief that (1) Stough's application to reopen the settlement was initially dismissed for failure to plead fraud with specificity, and (2) Stough's fall caused her injuries. These issues are irrelevant to the issues before us. *See Pastrana v.*

*Hudock*, 140 P.3d 188, 189 (Colo. App. 2006) (disregarding factual statements in parties' briefs that are irrelevant to issues on appeal).

## IV.   Disposition

¶ 19    The Panel's order is affirmed.

JUDGE HARRIS and JUDGE JOHNSON concur.