25CA0203 Thomas v ICAO 12-04-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0203
Industrial Claim Appeals Office of the State of Colorado
DD No. 31871-2024

---

Immanuel Thomas,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado,

Respondent.

---

ORDER AFFIRMED

Division A
Opinion by JUDGE TAUBMAN*
Román, C.J., and Bernard*, J., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 4, 2025

---

Immanuel Thomas, Pro Se

No Appearance for Respondent

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1    Immanuel Thomas appeals the denial of his claim for unemployment compensation benefits.  We affirm.

## I.    Background

¶ 2    Thomas worked as a concrete installer for approximately five months before Thrasher, Inc. (Employer) terminated his employment.  Shortly thereafter, a deputy for the Division of Unemployment Insurance (Division) denied Thomas's claim for unemployment compensation benefits.  Thomas appealed that decision, and the Division scheduled the matter for an evidentiary hearing regarding the reasons for Thomas's job separation.

¶ 3    Upon reviewing the evidence, the hearing officer found that Employer terminated Thomas "because he failed to report to work" and did not notify Employer of his absence.  As a result, the hearing officer found, Thomas "failed to meet the established job standard of calling out if he was not going to report to work."  Thus, Thomas was disqualified from receiving unemployment compensation benefits under section 8-73-108(5)(e)(XX), C.R.S. 2025 (disqualifying claimants terminated for failure to meet "established job performance or other defined standards").  Finally, the hearing officer found that Thomas was "responsible" for his termination and

1

was thus not otherwise entitled to benefits. Thomas appealed to the Panel, which affirmed the hearing officer's decision.

## II. Discussion

¶ 4 Thomas argues that the Panel erred in affirming the hearing officer's decision because (1) insufficient evidence supports the hearing officer's factual findings; (2) the hearing officer erred in determining the cause of Thomas's job separation; (3) the hearing officer mischaracterized Thomas's reason for missing work; and (4) the hearing officer did not consider circumstances mitigating Thomas's unexcused work absence. We consider, and reject, each of his arguments in turn.

### A. Standard of Review and Legal Principles

¶ 5 Under section 8-74-107, C.R.S. 2025, we may not disturb factual findings "supported by substantial evidence" and may only set aside the Panel's decision if (1) the Panel acted without or in excess of its powers; (2) the decision was procured by fraud; (3) the factual findings don't support its decision; or (4) the decision is erroneous as a matter of law. Substantial evidence is "probative, credible, and competent, of a character which would warrant a reasonable belief in the existence of facts supporting a particular

finding." *Rathburn v. Indus. Comm'n*, 566 P.2d 372, 373 (Colo. App. 1977).

¶ 6     Section 8-73-108(5)(e)(XX) disqualifies a claimant from receiving benefits if his "failure to meet established job performance or other defined standards" caused his job separation.  To evaluate cause, the hearing officer considers the totality of the evidence and determines the motivating factors in the employee's separation. *Eckart v. Indus. Claim Appeals Off.*, 775 P.2d 97, 99 (Colo. App. 1989).  "All that is required to establish a disqualification pursuant to § 8-73-108(5)(e)(XX) is that claimant did not do the job for which he was hired and which he knew was expected of him." *Pabst v. Indus. Claim Appeals Off.*, 833 P.2d 64, 64-65 (Colo. App. 1992).

¶ 7     The disqualifying provisions of section 8-73-108(5)(e)(XX) "must be read in the light of the express legislative intent . . . to provide benefits to those who become unemployed through 'no fault' of their own." *Cole v. Indus. Claim Appeals Off.*, 964 P.2d 617, 618 (Colo. App. 1998) (quoting § 8-73-108(1)(a)).  Thus, even if the hearing officer's findings may support a disqualification under that section, a claimant may still be entitled to benefits if the totality of the circumstances establishes that the job separation occurred

3

through no fault of the claimant. *Id.* at 618. In this context, "fault" requires a volitional act or "the exercise of some control or choice by the claimant in the circumstances resulting in the separation such that the claimant can be said to be responsible for the separation." *Id.* A claimant's responsibility or "fault" for his job separation is an ultimate legal conclusion based on the established findings of evidentiary fact. *Id.* at 618-19.

## B. Application

The hearing officer found (and the Panel affirmed) that Employer's performance standards required that employees notify Employer before missing a scheduled work shift. Substantial evidence in the record supports this finding. A copy of Employer's Employee Handbook, entered into evidence at the hearing, makes clear that employees were required to notify the company before missing work:

> If you are going to be late or absent for any reason, you are required to notify your manager as far in advance as possible. Any employee who fails to give such notification will be charged with an unexcused absence and appropriate discipline will be determined by [Employer].

¶ 9      The handbook later identifies prohibited conduct, including "unauthorized absence(s)" and "[f]ailure to call in for an absence." It warns employees that violating policies set forth therein "may result in disciplinary action, up to and including termination of employment." Additionally, the last page of the handbook included Thomas's signature, acknowledging that he had "received and carefully read" the handbook. Thomas does not dispute that he was aware of the policies related to work absences.

¶ 10     Substantial evidence also supports the hearing officer's finding that Thomas failed to notify Employer that he would miss work on January 31, 2024. Indeed, Thomas testified to this at the hearing:

> Q: Why were you fired?
> A: Because I did no-call/no-show to work.
> Q: And why weren't you not [sic] at work that day?
> A: I just didn't show.

And, as the foregoing demonstrates, Thomas also testified that Employer fired him for this. Documentary evidence from the Division's file further supports this finding. Responding to the Division's request for the reason Employer fired Thomas, Employer wrote, "[Thomas] did not show up to appointments on 01/31 and didn't show for company kick off." Further, Employer stated, "We

have not heard from him after several attempts to contact." When asked whether Thomas violated company policy, Employer answered, "Yes."

¶ 11    The foregoing all qualifies as "substantial evidence" as a matter of law. *See Rathburn*, 566 P.2d at 373. Thus, we reject Thomas's argument that because Employer did not participate in the hearing, the hearing officer was not presented with sufficient evidence to support a disqualification finding. We also note that Thomas provides no legal authority supporting his position, and we are aware of none.

¶ 12    We are similarly unpersuaded that the hearing officer erred in attributing Thomas's job separation solely to his unexcused absence on January 31. As Thomas points out, he also testified that he was uncomfortable attending a mandatory impending company kick-off event out of town. He argues that his "termination was already imminent," and his termination therefore cannot be solely attributed to his unexcused absence on January 31. Even if the hearing officer erred in this respect, Thomas does not explain how such error, if corrected, would mandate reversal, and it is not apparent to us that it would. We further note that the

6

hearing officer had no obligation to address "specific evidence . . . [that] he or she [did] not find persuasive," and we thus perceive no error in the hearing officer's decision to omit any discussion of the company kick-off event. *Tilley v. Indus. Claim Appeals Off.*, 924 P.2d 1173, 1177 (Colo. App. 1996). To the extent that Thomas asks us to reweigh the evidence, we may not do so. *Sanchez v. Indus. Claim Appeals Off.*, 2017 COA 71, ¶ 57, 411 P.3d 245, 258.

¶ 13    Thomas also argues that the hearing officer mischaracterized his reason for missing work on January 31. The hearing officer found that Thomas missed work to take a needed "mental health day"; Thomas now contends that "declining work conditions" prompted his absence. He does not, however, dispute that he chose to miss work and chose not to notify his supervisor. Again, we perceive no reason why Thomas's motivation for missing work bears on the case's disposition, and Thomas provides no analysis to guide us. In any event, like the Panel, we note that substantial evidence supports the hearing officer's finding. Indeed, in his written communications with the Division, entered into evidence, Thomas expressly stated that he substituted work on January 31 for a "mental health day." Accordingly, this argument also fails.

¶ 14 Finally, Thomas argues that the hearing officer did not consider several circumstances "mitigating" his failure to notify Employer regarding his absence. Those circumstances include Thomas's (1) supervisor being out of town and habitually failing to answer or return calls; (2) belief that calling in his absence would yield more severe disciplinary consequences than an unexcused absence; and (3) sense of "reduced job stability." This argument fares no better. Thomas provides no authority or analysis demonstrating that any of these circumstances legally warrants reversing the Panel's decision. We therefore reject these contentions. *Vallagio at Inverness Residential Condo. Ass'n, Inc. v. Metro. Homes, Inc.*, 2017 CO 69, ¶¶ 39-40, 395 P.3d 788, 795 (we do not consider conclusory propositions devoid of legal citations or analysis).

## III. Disposition

¶ 15 We affirm the Panel's order.

CHIEF JUDGE ROMÁN and JUDGE BERNARD concur.