48463. CALDWELL et al. v. JONES.

EVANS, Judge. Grace Mae Jones, the claimant, worked for six years as a cleaning lady for Oxford Building Service, Inc. Her hours of employment were from 6:00 to 9:00 a. m., during which time she cleaned the premises of Sears, Roebuck & Company at its department store in Buckhead, Atlanta, Ga. On or about August 14, 1972, she was assigned additional duties to perform, such as washing windows. Because she was unable to perform these new duties she was discharged. The referee found that her discharge was for medical reasons — not able to perform new tasks or conditions required by her employer.

On August 20, 1972, she applied for unemployment compensation, contending she was unemployed but able to work, available for work, and had actively and in good faith sought, and is seeking, employment, so long as the employment would not require her to start any earlier than 6:00 a. m., nor require her to work any later than 9:00 a.m., the terms and conditions under which

she was employed before her discharge.

The Employment Security Division, State of Georgia Department of Labor, made a determination that claimant was not eligible for unemployment compensation, holding that she must seek and accept *full-time work*. She appealed, and the appeals referee held that because the claimant limited her availability to the same hours and conditions that obtained under her previous employment, her availability is "not matched by the realities in the labor market at the present time." No evidence was submitted to the hearing officer to prove this statement. The agency was affirmed.

Claimant appealed to the full board, which affirmed, and claimant then appealed to the superior court.

The court remanded the case and held that claimant's request for unemployment benefits should be granted unless the defendant shows on remand that no job market or reasonable job opportunities exist for claimant under the same or similar working conditions and hours which obtained in her previous employment. The agency appeals. *Held:*

The sole contention of the state agency here is that the court erred in remanding the case because the uncontested facts show clearly that claimant was not available for full-time employment as is required by § 4 (c) of the Unemployment Compensation Law, as amended (Code Ann. § 54-609 (c); Ga. L. 1937, pp. 806, 810; 1937-38, Ex. Sess., p. 356; 1941, pp. 534, 535; 1950, pp. 38, 40, 42; 1953, pp. 327, 330; 1956, pp. 481, 485; 1960, pp. 861, 865, 867; 1966, pp. 526, 529; 1971, pp. 475, 482). But this law does not refer to "full time employment" as contended, but merely refers to the *availability* of the unemployed person to "work" and to whether he is "bona fide in the labor market," as follows: "An unemployed individual shall be eligible to receive benefits . . . if the commissioner finds that: . . . (c) He is able to work, and is available for work, and has actively and in good faith sought employment, and is actively and in good faith seeking employment, and is bona fide in the labor market."

A reasonable construction of the language of the statute is not that the claimant must be available for work *at all times and for all jobs* but only that claimant be *reasonably available.* This, of course, will depend upon whether there exists a reasonable job market as to the kind of work for which she claims availability. It does not appear that the law calls for fulltime availability. When the claimant shows by her previous employment a three

hour per day job activity for six years prior to her discharge, the burden then shifted to the agency to show such job market no longer exists, or, if it exists, that claimant is in fact no longer available.

No disqualification for benefits has been shown under Code Ann. § 54-610, and this point is not in dispute. We are concerned here merely with her eligibility under Code Ann. § 54-609 (c). The case of *Huiet v. Schwob Mfg. Co.,* 196 Ga. 855 (27 SE2d 743), cited by the state agency, is not in point because that case dealt with disqualification and not eligibility. There a soldier's wife voluntarily left her employment and went with her husband into another locality where it was too far for her to commute to her former place of employment. The Supreme Court held her to be *disqualified, not ineligible.*

The lower court, in remanding the case, did not hold the claimant to be eligible, but remanded for the further hearing of evidence. *Judgment affirmed. Hall, P. J., and Clark, J., concur.*

ARGUED SEPTEMBER 13, 1973 — DECIDED OCTOBER 11, 1973.

*Arthur K. Bolton, Attorney General, Alfred L. Evans, Jr., Assistant Attorney General, Wayne P. Yancey, Deputy Assistant Attorney General,* for appellants.

*Robert Neil Dokson,* for appellee.