72486. CURRY v. TANNER.
(348 SE2d 465)

McMURRAY, Presiding Judge.
Claimant, in this unemployment compensation case, was employed by General Industries of Georgia, Inc., in Macon, Georgia,

from August 28, 1984, until January 30, 1985. During the period of her employment, claimant was enrolled as a full-time student at Mercer University. She attended classes four days per week from 11:00 a.m. until 2:00 p.m. Her class schedule was adjusted to accommodate the needs of her employer. Claimant's hours of employment varied, depending upon her employer's needs. Her last work schedule was 8:00 a.m. to 10:30 a.m. and 2:30 p.m. to 5:00 p.m.

On January 30, 1985, claimant was laid off by her employer due to lack of work. She applied for unemployment compensation benefits. She averred that she was willing to change her school hours to accommodate an employer and that she was willing to work an entire evening shift or an entire night shift. The claims examiner determined that claimant was not eligible for benefits because she was attending school four days per week and was, therefore, "unavailable" for work. On appeal, the administrative hearing officer also decided that claimant was "unavailable" for work. The board of review (with one member dissenting) affirmed the decision of the administrative hearing officer. The superior court affirmed the decision of the board of review and we granted claimant's application for a discretionary appeal. *Held*:

In *Caldwell v. Jones*, 129 Ga. App. 893 (201 SE2d 823), claimant was employed as a cleaning lady. She worked from 6:00 a.m. to 9:00 a.m. for a period of six years. Claimant was discharged by her employer for medical reasons because she was unable to perform new tasks. She applied for unemployment compensation, asserting she was available for work so long as she was not required to start before 6:00 a.m. nor work after 9:00 a.m. The Employment Security Division, State of Georgia Department of Labor, determined that claimant was not eligible for unemployment compensation because she was not seeking full-time work. The superior court remanded the case holding that claimant was entitled to benefits unless the State demonstrated that claimant could not obtain a job with working conditions similar to those which existed in her previous employment. The State appealed, contending the superior court erred in remanding the case because claimant was not available for full-time employment as required by the Unemployment Compensation Law. This court examined the pertinent provision of the Unemployment Compensation Law, OCGA § 34-8-151 (formerly Code Ann. § 54-609) and observed that it "does not refer to 'full time employment' as contended, but merely refers to the *availability* of the unemployed person to 'work' and to whether he is 'bona fide in the labor market.'" Id. at 894. The court concluded: "A reasonable construction of the language of the statute is not that the claimant must be available for work *at all times and for all jobs* but only that claimant be *reasonably available*. This, of course, will depend on whether there exists a reasonable

job market as to the kind of work for which she claims availability. It does not appear that the law calls for fulltime availability. When the claimant shows by her previous employment a three hour per day job activity for six years prior to her discharge, the burden then shifted to the agency to show such job market no longer exists, or, if it exists, that claimant is in fact no longer available." Id. at 894-895.

In 1976, following the rendition of *Caldwell v. Jones*, supra, the legislature enacted Code Ann. § 54-657 (y) (now OCGA § 34-8-34, effective November 1, 1982). OCGA § 34-8-34 provides in part, as follows: "As used in this chapter, the term 'bona fide in the labor market' means that any person claiming benefits under this chapter must be available for full-time continuous employment, as that term is generally understood in the trade or work classification involved, without regard to prior work restrictions." The enactment of this statute affects the holding set forth in *Caldwell v. Jones*, supra, in two respects: First, the statute makes it clear that benefits are only available to claimants seeking "full-time continuous employment." Second, by virtue of the statute a claimant cannot point to his prior job to demonstrate the existence of a labor market suitable to his needs.

The commissioner contends that in light of OCGA § 34-8-34, claimant cannot be deemed eligible for benefits because a full-time student cannot be available for "full-time continuous employment." We disagree. In our view, a claimant can be a full-time student and still be available for full-time continuous employment. Why? Because a claimant may not have detached himself or herself from the labor market simply because he or she is a full-time student. *Hansen v. Continental Can Co.*, 221 NW2d 670 (Minn. 1974); *Wiley v. Unemployment Compensation Bd.*, 171 A2d 810 (Pa. Super. 1961). As it is said: "[C]laimant's status as a student does not in itself make him unavailable for employment within the meaning of the statute. . . . The fact that claimant has restricted his employment to particular hours of the day or to a specific shift must be considered within the context of the particular labor market in which he is seeking employment before a valid conclusion can be reached as to whether he has made himself unavailable for employment." *Couchman v. Indus. Comm.*, 515 P2d 636, 637 (Colo. App. 1973).

In the case sub judice, *claimant testified that she was available to work for all hours and had been trying to seek employment on the second and third shifts. She also testified that she was willing to adjust her school schedule and if a job were offered on the day shift, then she would have to take it.* The absence of full-time job opportunities open to claimant (within the parameters of these restrictions) was not demonstrated by the commissioner. Accordingly, the judgment of the superior court affirming the determination of the board of review must be reversed and the case remanded. *Caldwell v. Jones,*

supra; *Couchman v. Indus. Comm.*, supra. Upon remand, claimant's request for benefits should be granted unless the commissioner shows that no job market exists for claimant. *Caldwell v. Jones*, supra.

*Judgment reversed and case remanded. Carley and Pope, JJ., concur.*

DECIDED JULY 2, 1986 —
REHEARING DENIED JULY 29, 1986.

*Zane Dennis*, for appellant.

*Michael J. Bowers, Attorney General, Marion O. Gordon, First Assistant Attorney General, Wayne P. Yancey, Senior Assistant Attorney General, Rita J. Llop, Staff Assistant Attorney General*, for appellee.