**Anthony NESBIT, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of the State of Colorado (Ex-Officio Unemployment Compensation Commission of Colorado) and Richard J. Frank & Associates, Employer, Respondents.**

**No. 79CA0367.**

Colorado Court of Appeals, Division II.

Dec. 6, 1979.

Rehearing Denied Jan. 4, 1980.

Certiorari Denied March 10, 1980.

Anthony Nesbit, pro se.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Molly Sommerville, Asst. Atty. Gen., Denver, for respondents Industrial Commission of the State of Colorado.

ENOCH, Chief Judge.

Petitioner seeks review of an Industrial Commission order disqualifying him for 17 weeks from unemployment compensation benefits under § 8–73–108(5), C.R.S.1973. We affirm.

Petitioner first contends that the evidence did not support the findings that his employer was justified in firing him because he questioned his employer's business practices and obtained unauthorized access to certain time records kept by employer for its client. We do not agree.

Petitioner attempted to show, as justification for his actions, that he believed his employer, in its record keeping, was engaged in fraudulent practices against its client. However, there was evidence that the questioned records were kept in compliance with an agreement between employer and its client, and that the procedures had been explained to petitioner.

A conflict in the evidence is to be resolved by the Commission. It is the "sole judge of credibility." *In re the Claim of Allmendinger,* 40 Colo.App. 210, 571 P.2d 741 (1977). Because there was substantial evidence here in support of the Commission's determination, we cannot disturb its findings. Section 24–4–106(7), C.R.S.1973.

Petitioner next argues that the referee demonstrated bias and that petitioner was therefore deprived of a fair hearing. He contends that bias was shown by the fact that the referee did not enter into the record the documents subpoenaed by petitioner at the first hearing and by the referee's refusal to give petitioner copies of the subpoenaed documents. We disagree.

A substantial showing of personal bias is required before a ruling can be made that the hearing procedure was unfair. *Roberts v. Morton,* 549 F.2d 158 (10th Cir. 1976), *cert. denied,* 434 U.S. 834, 98 S.Ct. 121, 54 L.Ed.2d 95 (1976). The oversight on entering the documents was remedied when the referee voided his original decision and conducted a second hearing for the purpose of admitting them. His amended decision made clear that the documents were considered, despite the fact that neither petitioner nor his employer has submitted the records for admission as part of the record at the first hearing as required by statute. Section 8–74–106(1)(g), C.R.S.1973 (1978 Cum.Supp.).

The refusal to provide copies of the subpoenaed documents was not a denial of procedural due process. Petitioner had an evidentiary-type hearing and was given an opportunity to cross-examine on the basis of his inspection of the documents. To meet due process standards,

> "[a]ll parties must be fully apprised of the evidence submitted or to be considered, and must be given opportunity to cross-examine witnesses, *to inspect documents,* and to offer evidence in explanation or rebuttal."

*Interstate Commerce Commission v. Louisville § Nashville R. R.,* 227 U.S. 88, 93, 33 S.Ct. 185, 187, 57 L.Ed. 431, 434 (1912) (emphasis added).

Petitioner contends that penalties should be assessed against both the Commission and the employer under § 8–81–101(2), C.R.S.1973, for refusal to permit the copying of

records and for fraudulent nondisclosure designed to reduce the payment of unemployment benefits.

■ This issue has been answered by our conclusions above that there was no bias or partiality in the Commission's refusal to allow the copying, and that there is substantial evidence for the Commission's findings concerning reasons for the discharge. As to the employer, under § 8–72–107, C.R. S.1973, the penalty is enforced only for nondisclosure of records pertaining to the employee who is seeking benefits, and there was a finding supported by substantial evidence here that the records in issue were other than petitioner's work records.

Order affirmed.

COYTE and PIERCE, JJ., concur.