JEFFERSON COUNTY, Petitioner,

v.

Richard C. KISER and The Industrial
Claim Appeals Office of the State
of Colorado, Respondents.

No. 93CA0636.

Colorado Court of Appeals,
Div. IV.

May 19, 1994.

Ellen G. Wakeman, Acting Jefferson County Atty., William A. Tuthill III, Asst. County Atty., Justin Dituri, Asst. County Atty., Golden, for petitioner.

Lee D. Warkentine, P.C., Lee D. Warkentine, T.R. Prater Sandefer, Broomfield, for respondent Richard C. Kiser.

Gale A. Norton, Atty. Gen., Stephen K. Erkenbrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John D. Baird, Asst. Atty. Gen., Denver, for respondent Industrial Claim Appeals Office.

Opinion by Judge PLANK.

Jefferson County (employer) seeks review of a final order of the Industrial Claim Appeals Panel which awarded unemployment compensation benefits to Richard C. Kiser (claimant). We set aside the Panel's order and remand for entry of an order disqualifying claimant from the receipt of benefits.

At the hearing, the following evidence was undisputed. Claimant was a detention deputy for the Jefferson county sheriff's department. His duties included caring for and guarding prisoners in employer's jail. One of employer's rules required claimant to refrain from engaging in any illegal activity which affected his ability to perform his job.

While off-duty, claimant took some items from a store and admitted that he had no intention of paying for them. He thereafter was arrested and charged in municipal court with a misdemeanor violation of shoplifting. Employer discharged claimant after it learned of claimant's arrest and misdemeanor charge.

The hearing officer found that claimant was discharged because of the shoplifting arrest and found that claimant had engaged in criminal conduct in violation of employer's rule. However, the hearing officer further determined that employer did not produce evidence which would support a finding that claimant's conduct resulted or could have

resulted in serious damage to employer's interests, as would be required for a disqualification pursuant to § 8–73–108(5)(e)(VII), C.R.S. (1986 Repl.Vol. 3B). Consequently, he awarded claimant benefits pursuant to § 8–73–108(4), C.R.S. (1986 Repl.Vol. 3B). The hearing officer did not address the application of § 8–73–108(5)(e)(XI), C.R.S. (1986 Repl.Vol. 3B) (theft).

The Panel agreed that the evidence would not support the application of § 8–73–108(5)(e)(VII) (violation of a statute or company rule which resulted or could have resulted in serious damage to employer's property or interests). The Panel further declined to apply § 8–73–108(5)(e)(XI) (theft) and affirmed the award of benefits pursuant to § 8–73–108(4). *See Santa Fe Energy Co. v. Baca*, 673 P.2d 374 (Colo.App.1983).

Employer contends that claimant should have been disqualified from the receipt of benefits pursuant to § 8–73–108(5)(e)(XI) which allows disqualification for "theft." We agree.

■ Here, the Panel reasoned that § 8–73–108(5)(e)(XI) contemplates theft from an employer, or at least theft which is committed in the course of employment, and therefore, it declined to apply this subsection here. We disagree with the Panel's conclusion.

■ In interpreting this subsection, as in any statutory construction, our primary task is to discern the intent of the General Assembly. In ascertaining that intent, words and phrases must be given effect according to their plain and ordinary meaning, and a statute should be interpreted in such a way as to give sensible effect to all of its parts. *See Harding v. Industrial Commission*, 183 Colo. 52, 515 P.2d 95 (1973); *People v. Harvey*, 819 P.2d 1087 (Colo.App.1991); § 2–4–101 and § 2–4–201, C.R.S. (1980 Repl.Vol. 1B).

■ Section 8–73–108(5)(e)(XI) provides for a disqualification from benefits simply for "theft." The plain and ordinary meaning of "theft" is "the act of stealing; the wrongful taking and carrying away of the personal goods or property of another; larceny." *Webster's Encyclopedic Unabridged Dictio-*

*nary of the English Language* 1470 (1989 Ed.).

In drafting § 8–73–108(5)(e)(XI), the General Assembly did not place any qualifying criteria on the nature of the theft involved. Specifically, in contrast to its treatment of substance abuse, it did not delineate between theft in the course of employment and theft outside the scope of employment. *See* § 8–73–108(5)(e)(VIII), C.R.S. (1986 Repl.Vol. 3B) (disqualification for *off-the-job* use of not medically prescribed intoxicating beverages or controlled substances).

Furthermore, in looking at the disqualifying provisions of the statutory scheme as a whole, we note that the General Assembly has provided, in essence, for a disqualification for employee theft from an employer. *See* § 8–73–108(5)(e)(VII) (disqualification for violation of a statute or company rule which resulted or could have resulted in serious damage to employer's property or interests, which includes removal or attempted removal of employer's property from the premises of the employer without proper authority).

Thus, in looking at the plain and ordinary meaning of the term "theft," and the application of § 8–73–108(5)(e)(XI) in the context of the entire statutory scheme, we disagree with the Panel's conclusion that "theft" in this subsection means only theft either from employer or in the course of employment.

Since such additional limitations on the meaning of the term "theft" are not set out in the statutory wording, we are unwilling to engraft such a requirement onto the subsection. Accordingly, we interpret § 8–73–108(5)(e)(XI) to allow disqualification of a claimant for theft, whether or not it occurs in the course of employment or is from employer.

The evidence at the hearing established that claimant took the items from the store without any intention of paying for them and the hearing officer so found. Thus, the hearing officer's findings support the application of § 8–73–108(5)(e)(XI), and the Panel erred in failing to apply that subsection.

Given this disposition, we need not address employer's other contentions.

Accordingly, the Panel's order is set aside, and the cause is remanded to the Panel for entry of an order disqualifying claimant from the receipt of benefits pursuant to § 8–73–108(5)(e)(XI).

MARQUEZ and ROTHENBERG, JJ., concur.