Tanya M. WAFFORD, Petitioner,

v.

The INDUSTRIAL CLAIM APPEALS OF-FICE OF the STATE OF COLORADO; Division of Employment and Training, Colorado Department of Labor & Employment; and Colorado Compensation Insurance Authority, Respondents.

No. 95CA0383.

Colorado Court of Appeals, Div. V.

Oct. 26, 1995.

William E. Benjamin, Boulder, for Petitioner.

Douglas A. Thomas, Denver, for Respondent Colorado Compensation Insurance Authority.

No Appearance for Respondents Industrial Claim Appeals Office and Division of Employment and Training.

Opinion by Chief Judge STERNBERG.

The claimant, Tanya M. Wafford, seeks review of a final order of the Industrial Claim Appeals Panel (Panel) which disqualified her from the receipt of unemployment compensation benefits. Her principal contention is that the hearing officer had a duty to develop the case, and that the duty was violated. We disagree and, therefore, affirm.

Claimant quit her employment and applied for unemployment benefits. At the hearing, claimant and employer offered conflicting testimony concerning the reasons she resigned. In resolving the conflicting evidence, the hearing officer was not persuaded that claimant was unable to continue her employment because of ill health, as she had testified, but found instead that claimant had informed employer that she was quitting because she only wanted to work part-time in order to be able to spend more time with her family. He concluded that claimant's reason for quitting this employment was personal and disqualified her pursuant to § 8–73–108(5)(e)(XXII), C.R.S. (1986 Repl.Vol. 3B) (quitting employment for personal reasons which do not support an award of benefits under the statute).

On appeal, claimant contends that the hearing officer's conduct of the hearing denied her due process and her right to a fair hearing. She argues that one component of due process and a fair hearing is that the hearing officer develop the record and that this requirement is embodied in Department of Labor & Employment Regulation 11.2.9. We disagree.

In unemployment compensation proceedings, "fundamental fairness" is the essence of due process. *Mountain States Telephone & Telegraph Co. v. Department of Labor & Employment*, 184 Colo. 334, 520 P.2d 586 (1974). Thus, for the due process and fair hearing standards to be met in these hearings, each party must be apprised of the evidence submitted or to be considered, and must be given opportunity to inspect documents, to cross-examine witnesses, and to offer evidence in explanation or rebuttal. *See Shaw v. Valdez*, 819 F.2d 965 (10th Cir. 1987); *Nesbit v. Industrial Commission*, 43 Colo.App. 398, 607 P.2d 1024 (1979).

In reliance on Department of Labor & Employment Regulation 11.2.9, 7 Code Colo. Reg. 1101–2; *Heckler v. Campbell*, 461 U.S. 458, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983); and *Goss v. Lopez*, 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975), claimant argues that due process also requires a hearing officer independently to develop the record at a hearing. She asserts, in essence, that this hearing officer had a duty to examine her exhaustively and to develop the record concerning her version of the events and reasons surrounding her separation.

Specifically, claimant contends that, in her Request for Separation form, she stated that her working conditions were one of the reasons she separated from her employment. Thus, she argues, in addition to finding out about the health-related reasons for claimant's separation, the hearing officer had a duty to develop the record independently and fully concerning her working conditions and their correlation with her resignation. Claimant asserts that the hearing officer did not fulfill this duty because he failed to question her thoroughly concerning this issue and also that he prevented her from fully explaining her reasons for separation. We are not persuaded.

Department of Labor & Employment Regulation 11.2.9 reads in pertinent part:

Hearings shall be conducted informally and in such manner as to ascertain the substantive rights of the parties. The appealing party shall have the burden of presenting evidence that supports his position on the issues raised by the appeal. Parties to the appeal may present any pertinent evidence. *The taking of evidence in a hearing shall be controlled by*

*the referee in a manner best suited to ascertain the facts, safeguard the rights of the parties and to fully and fairly develop the record.*

(emphasis supplied)

■ Contrary to claimant's assertion, we do not construe the emphasized portion of the regulation to place an affirmative duty on the hearing officer to act, in essence, as surrogate counsel for a party and to develop that party's case on the record. Rather, we view this portion of the regulation as requiring only that the hearing officer conduct the hearing so each party has an opportunity to develop fully and fairly his or her own record.

■ This construction of the regulation comports with the functions of a hearing officer in these proceedings. In unemployment compensation actions, the hearing conducted by the hearing officer is adjudicatory in nature. Thus, the hearing officer's responsibility is to evaluate from a neutral perspective the claims of unemployed persons, *see Nesbit v. Industrial Commission, supra,* and not to conduct his or her own independent investigation of such claims. *See Rotenberg v. Industrial Commission,* 42 Colo.App. 161, 590 P.2d 521 (1979). Accordingly, the responsibility for demonstrating entitlement to benefits rests on the person claiming those benefits, and not on the hearing officer. To construe Regulation 11.2.9 as placing an affirmative duty on the hearing officer to act as surrogate counsel for a party would undermine the neutral fact-finding position of that officer.

We are not persuaded otherwise by claimant's reliance on *Heckler v. Campbell, supra,* and *Goss v. Lopez, supra.* In *Heckler v. Campbell,* the majority noted, but declined to address, the duty of an administrative law judge to develop the record in a social security disability hearing. Thus, that case is inapposite here. Similarly, *Goss v. Lopez, supra,* is inapplicable because it delineated the procedures which were necessary to comport with due process in a non-adversarial school suspension proceeding.

The record here shows that the hearing officer questioned claimant specifically about the reason for her separation and each time she responded that she quit for health reasons. Furthermore, the hearing officer at least twice asked claimant if she had any further information she wished to provide him concerning her claim or if she desired to develop the record through cross-examination of employer's witness. Each time she responded in the negative.

■ Thus, the hearing officer specifically provided claimant with the opportunity to develop the record concerning the reasons for her separation. In doing so, he fulfilled the due process and fair hearing requirement to allow a claimant an opportunity to be heard and to present evidence, including the requirement of Regulation 11.2.9 to conduct the hearing in such a manner as to allow the parties to develop the record fully and fairly. Claimant's contention therefore fails.

■ Contrary to claimant's further contention there was sufficient evidence in the record, although contested by claimant, to support the hearing officer's conclusions. *See School District No. 1 v. Fredrickson,* 812 P.2d 723 (Colo.App.1991).

■ We decline to consider claimant's final contention that the hearing officer erred in not awarding her benefits pursuant to § 8–73–108(b)(4)(I), C.R.S. (1995 Cum. Supp.). Claimant did not raise this issue before the Panel and, therefore, did not preserve it for our review. *See QFD Accessories, Inc. v. Industrial Claim Appeals Office,* 873 P.2d 32 (Colo.App.1993).

Accordingly, the order of the Panel is affirmed.

RULAND and ROY, JJ., concur.