Douglas G. LAUB, Petitioner,

v.

The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO; Colorado Department of Labor, Division of Employment and Training; and City of Hope National Medical Center, Respondents.

No. 98CA2452.

Colorado Court of Appeals, Div. I.

June 24, 1999.

Thomas Feldman, Denver, Colorado, for Petitioner.

Ken Salazar, Attorney General, Barbara McDonnell, Chief Deputy Attorney General, Michael E. McLachlan, Solicitor General, Jeannette W. Kornreich, Assistant Attorney General, Denver, Colorado, for Respondents the Industrial Claim Appeals Office of the State of Colorado; and Colorado Department of Labor, Division of Employment and Training.

No Appearance for Respondent City of Hope National Medical Center.

Opinion by Judge DAVIDSON.

In this unemployment benefits case, petitioner, Douglas G. Laub (claimant), seeks review of a final order of the Industrial Claim Appeals Office (Panel) which reversed a hearing officer's decision regarding claimant's monetary eligibility for such benefits. The hearing officer ruled that claimant's work in Colorado for a multi-state nonprofit organization met the requirements for covered "employment" under § 8–70–118, C.R.S. 1998, to establish eligibility for unemployment benefits in this state. The Panel ruled that claimant was ineligible for such benefits because these requirements were not met. We set aside the Panel's order and remand for reinstatement of the hearing officer's eligibility determination.

At issue in this appeal is whether services performed in Colorado by an individual working for a large multi-state nonprofit organization in a small local office constitute "employment" covered by the Colorado Employment Security Act (CESA) under the requirements of § 8–70–118. We conclude that, as a matter of law, claimant met the statutory requirements for covered "employment" in Colorado to establish his monetary eligibility for unemployment benefits.

The relevant facts are not in dispute. Claimant worked for several years in Colorado for City of Hope National Medical Center, a large multi-state nonprofit organization based in California. He was terminated in February 1998. Although City of Hope had more than a thousand employees in California, at all times pertinent here, claimant was either its sole employee in Colorado or one of only two local employees.

Monetary eligibility for unemployment benefits in Colorado is based on wages paid for "insured work." See §§ 8–73–102(1), 8–73–102(2), & 8–73–104(1), C.R.S.1998. "Insured work" is defined as meaning "employment" for "employers." See § 8–70–103(16), C.R.S.1998. As noted in the Panel's order, City of Hope met the requirements to constitute an "employer" for coverage purposes because it employed one or more individuals, including claimant, who performed services for it within this state. See §§ 8–70–113(1)(b) & 8–70–114(1), C.R.S.1998.

The requirements for services performed by individuals for nonprofit organizations to constitute covered "employment" are set forth in § 8–70–118, which provides:

'Employment' means services performed after December 31, 1971, by an individual in the employ of a religious, charitable, educational, or other organization which is excluded from the term 'employment', as defined in the 'Federal Unemployment Tax Act' solely by reason of section 3306(c)(8) of that act, and *which has had four or more individuals in employment* for some portion of a day in each of twenty different weeks, whether or not such weeks were consecutive, within either the current or the preceding calendar year, regardless of whether they were employed at the same moment of time. (emphasis added)

It was undisputed that City of Hope is a nonprofit organization of the type described

in the first part of § 8–70–118, and that the timing provisions of § 8–70–118 were satisfied. Thus, the disputed issue is whether City of Hope had "four or more individuals in employment" within the meaning of § 8–70–118, as required for claimant's services to constitute "employment" covered by CESA.

The hearing officer ruled that this minimum size requirement of § 8–70–118 was satisfied, based on the total number of employees of the nonprofit organization nationally. The Panel reversed, ruling that § 8–70–118 requires a nonprofit organization to have four or more individuals employed in performing services in Colorado to establish CESA coverage, and this requirement was not satisfied.

Claimant contends that the Panel erred as a matter of law in so ruling, because the four-employee requirement in § 8–70–118 is not limited to persons working in Colorado. We agree.

■ In construing these statutory provisions, our primary task is to ascertain and give effect to the intent of the General Assembly. *Samaritan Institute v. Prince–Walker*, 883 P.2d 3 (Colo.1994); *Safeway Stores 44 Inc. v. Industrial Claim Appeals Office*, 973 P.2d 677 (Colo.App.1998). To discern that intent, we must look first to the language of the statute itself, and give effect to the statutory terms in accordance with their plain and ordinary meaning. *Jefferson County v. Kiser*, 876 P.2d 122 (Colo.App. 1994).

■ The plain meaning of the statutory terms, if ascertainable, is dispositive. Thus, if the statutory language is clear and the legislative intent appears certain, it is not necessary to resort to other rules of statutory construction. *Samaritan Institute v. Prince–Walker, supra.*

■ Here, we read the plain meaning of the pertinent statutory language of § 8–70–118—"and which has had four or more individuals in employment"—as simply imposing a minimum size requirement on the types of nonprofit organizations for which an employee's services are deemed to constitute "employment." Based on the unambiguous language of these provisions, all that is nec-essary to satisfy this requirement is that the nonprofit organization have a minimum of four employees who perform services for it, regardless of the location of these employees or the place of their performance of these services.

As noted by claimant, although certain provisions of § 8–70–118 expressly limit the *time* within which the four employees must work, there is no *geographic* limitation on the work of these four employees set forth in these provisions. Had the General Assembly intended to impose such a limitation on the minimum size requirement, it could have so provided. *See Safeway Stores 44 Inc. v. Industrial Claim Appeals Office, supra; Jefferson County v. Kiser, supra.*

■ The Panel asserts, nevertheless, that under CESA, an individual's performance of services for an employer generally must be "localized" within a state to constitute covered "employment." In support of its position, it cites § 8–70–117, C.R.S.1998, which defines "employment" as requiring that the services of an individual must be performed within Colorado, at least in part. Because, to constitute "employment," an individual's services must be performed in part within a particular state, the Panel reasons, each of the four or more employees who satisfy the minimum employee requirement for nonprofit organizations set forth in § 8–70–118 must be similarly "localized." We disagree.

First, we note it is undisputed that claimant's performance of services for City of Hope was indeed "localized" within Colorado within the meaning of that provision. Further, we perceive no basis to read the "localization" requirement of § 8–70–117 into the minimum size requirement of § 8–70–118 so as to require City of Hope to have had a minimum of four employees performing "localized" services within Colorado before claimant's "localized" services could be deemed to constitute covered "employment" under § 8–70–118.

Rather, we agree with claimant that the purpose of the "localization" requirement set forth in § 8–70–117 is to avoid uncertainty as to which state is responsible for unemployment compensation for an individual per-

forming services in more than one state. *See Iverson Construction, Inc. v. Department of Employment Services,* 449 N.W.2d 356 (Iowa 1989) (localization provisions of the CESA are based on a uniform definition of employment drafted in the 1930's). In contrast, the minimum size requirement, which obviously refers to the nonprofit employer, not the employee, is set forth in order to exclude small nonprofit organizations from the obligations of the Act. Therefore, the "localization" aspect of the definition of "employment" set forth in § 8–70–117 is irrelevant to the question addressed and answered in § 8–70–118, that is, what size must a nonprofit organization be to be included under the Act.

Thus, we conclude that claimant's "localized" services satisfied the requirements of § 8–70–117 for covered "employment," and that the minimum size requirements of § 8–70–118 for covered "employment" were satisfied by the total number of employees working for City of Hope, regardless whether at least three other co-workers also were performing "localized" services in this state.

In light of this disposition of the issues, we need not address the remaining contentions of the parties.

The Panel's order is set aside, and the cause is remanded to it with directions to reinstate the hearing officer's eligibility determination.

Judge METZGER and Judge CRISWELL concur.